EVARISTA VIERA, a minor represented by her mother with *patria potestas*, ELENA VIERA, Plaintiff and Appellant, *v.* HEIRS OF PEDRO GOITÍA MARTÍNEZ, represented by his widow SILVERIA SERRANO CALDERÓN, CIRILO RODRÍGUEZ FRAGOZO and his wife MARÍA DELGADO, HERMINIO BRUGUE-RAS and his wife DOLORES COLÓN, Defendants and Appellees.

No. 7871. Argued June 14, 1939.—Decided July 14, 1939.

*R. A. Arroyo Ríos* for appellant. *Francisco González Fagundo* for appellees.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

The complaint in this case states three causes of action. The first one, which we could call the main one, as the other two depend on its existence, although entitled "for the collection of money" is nothing else but an action for alimony. It is alleged therein that the minor plaintiff, represented in this suit by her mother with *patria potestas* Elena Viera, was born on November 5, 1921, and from that date to the year 1922 Pedro Goitía Martínez provided for her support at the rate of $25 monthly, binding himself to plaintiff's mother to satisfy an equal amount every month during his lifetime or until the minor became of legal age, an obligation which he fulfilled until the year 1922. That form this last date until the year 1936, when Goitía Martínez died, he failed to satisfy said monthly payments, all of which amount to the sum of $4,200, which indebtedness he acknowledged and offered to pay before his death, which he did not do in whole nor in part.

It is further alleged in this first cause of action that on August 4, 1933, plaintiff filed in the lower court a suit for filiation against Goitía Martínez, suit which ended in a judgment declaring plaintiff the illegitimate child of the defend-

ant, with all the rights incidental to this status. It is also alleged in this first cause of action that the heirs defendants are composed of the widow of Goitía Martínez, the defendant Silveria Serrano Calderón.

In the second cause of action it is alleged that Goitía and his wife, in order to evade the obligation which the former might have in regard to plaintiff for reasons of the suit for filiation, transferred certain realty to the defendants, the spouses Cirilo Rodríguez Fragozo and María Delgado, a simulated transaction wherein there was no value or consideration, and that said Goitía became completely insolvent by reason of said transfer. That the sole owner of said property is the defendant Silveria Serrano Calderón, who is the sole heir of the property of Pedro Goitía Martínez according to a will which he executed on December 18, 1915, before Notary Public Andrés Mena Latorre.

The third cause of action states the transfer of other properties under identical conditions, verified on the same date which is mentioned in the second cause of action, this last transfer in favor of the spouses defendants, Herminio Brugueras and Dolores Colón.

It appears from the record that the original complaint was demurred to by the defendants for reasons of a misjoinder of parties defendants and for lack of facts sufficient to constitute good causes of action. The demurrers were granted and plaintiff was allowed permission to amend the complaint, the same being finally drawn in the manner in which we have just stated.

The defendants then requested that judgment be entered as the amended complaint was substantially equal to the original one, and was consequently subject to the same demurrers which were allowed against the latter. The judgment prayed for was entered. The present appeal was taken against it.

As sole error is assigned that committed by the court in dismissing the complaint on the merits of the pleadings.

■■ We shall examine in the first place the first cause of action. It clearly appears from it that we are not concerned with a claim for alimony between relatives but on the contrary with alimony by virtue of a contract, as it is inferred from its averments that Goitía Martínez, acknowledging his moral obligation to support his plaintiff daughter, spontaneously bound himself to pay $25 monthly until she became of age or until the death of Goitía. It also appears that later on the trial court itself, under the solemnity of a judgment, declared plaintiff the illegitimate child of Goitía Martínez. Defendants allege that the first cause of action is insufficient as according to Section 147 of the Civil Code (1930 ed.) the support "shall not begin until the date on which a petition therefor is made," and as it does not appear from the complaint that said judicial claim was made during the life of Goitía, the plaintiff lacks any cause of action to claim them, as according to Section 149 of the same code "the obligation to give support ceases with the death of the person obliged to give it."

The defendants would be right if in the first cause of action the averment was not included to the effect that Goitía before his death, acknowledged his indebtedness of the $4,200 claimed, and also bound himself to pay said amount, although he did not do it in whole nor in part. It is proper then to apply Section 151 of the code already mentioned which literally reads:

"Section 151.—The preceding provisions are applicable to other cases in which by this code, by will or by compact, a right to support may arise, *excepting what is stipulated,* ordered by the testator or provided by law for the special case under consideration."

Neither the law nor morals nor public policy prevent the giver of alimony from waiving his right not to pay alimony until the same is judicially claimed. We are not concerned with an essential agreement as would be, for example, the waiver to receive alimony, an agreement which would be void, due to the fact that it is contrary to the public policy.

Upon considering Section 153 of the Spanish Civil Code, similar to 151 of ours, Scaevola states on this matter:

"What are the consequences derived from all that has been stated? The following, which are clear and conclusive: 1, that being concerned with persons who have a right to alimony, according to Section 143, they may enter into agreements which they deem advisable in regard to the formal aspect of said right (manner and place of fulfillment of the obligation and even the amount of the same); but not as to its essential aspects (proportionality between the pension and the capital, waiver and transmission) as them the purpose of the law would be defeated and the doctrine expounded in Section 1255, which prohibits agreements in contravention of law violated which would be void according to the first subdivision of Section 4; 2, that in regard to any persons other than those included in Section 143, they may freely enter into agreements, so long as the latter are not contrary to public interest or order, as the prohibitions stated in Section 151 refer solely and exclusively to the right to alimony by statutory provision."

■ It is true that the first cause of action is addressed against the heirs of Pedro Goitía Martínez and that this court has repeatedly upheld that heirs do not have civil personality under the laws; but on the second paragraph of said cause of action it is expressly alleged that the heirs are composed of Silveria Serrano Calderón, a fact which excludes other persons, and it being so, the averment is sufficient. *Arvelo et al.* v. *Banco Territorial y Agrícola de Puerto Rico*, 25 P.R.R. 677. See *Heirs of Rodríguez* v. *Industrial Commission*, 53 P.R.R. ____. In our opinion, the first cause of action contains all the essential elements required by law.

■ The second and third causes of action are also sufficient. It is alleged in each one of them that the plaintiff is the creditor of Pedro Goitía Martínez, who in order to evade the payment of such credit transferred part of his property to some of the defendants and the rights of said property to the others; that due to said transfers he became insolvent, and that such transfers were simulated, that is, that there was no value or consideration, adding that Pedro Goitía

Martínez's widow, the defendant Silveria Serrano, is his only heir.

The case of *Roig Commercial Bank* v. *Portela,* 52 P.R.R. 626, cited by the appellees, rather uphold the sufficiency of the second and third causes of action, as it appears from the complaint that the credit of the plaintiff existed priorily and also at the time of the transfers made to the defendants, that Goitía upon making such transfers became insolvent and that the defendant Silveria Serrano refuses to pay said credit, alleging to be insolvent.

The complaint involves a misjoinder of actions, as according to subdivision 9 of Section 104 of the Code of Civil Procedure, the actions joined in a complaint must affect all the parties to the suit, and in this case the judgment which might be entered annulling the transfers made in favor of Cirilo Rodríguez and his wife, to which refers the second cause of action, would not affect the one which might be entered in regard to the third cause of action, which refers to the transfers made in favor of Herminio Brugueras and wife, and *vice versa.* But this demurrer was not filed by the defendant and is consequently understood as waived. *Maurer* v. *Heirs of Hernaiz et al.,* 11 P.R.R. 122. It being so and as there was no objection to the misjoinder of actions, he can not demur to the complaint for reason of the misjoinder of parties defendants, as the joinder of parties defendants in this case is a necessary consequence of the joinder of actions.

In our opinion, the lower court committed error in dismissing the complaint, and as a consequence thereof the judgment must be reversed and the case remanded for further proceedings not inconsistent with this opinion.

Mr. Justice Hutchison and Mr. Justice Travieso took no part in the decision of this case.